

1

2

3

4

5

6               ·· **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8

9    VITO BRUNO a/k/a JOHN SIPES,

          *Petitioner,*                          3:09-cv-00165-RCJ-VPC

10

11   vs.

                                                 ORDER

12   BILL DONAT, *et al.,*

13         *Respondents.*

14

15         This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents'

16   motion (#18) to dismiss.  Respondents contend that the entire petition is time-barred, that if

17   the petition is timely Ground 6(H) nonetheless does not relate back for a timely filing as to that

18   claim, and that Ground 6(H) further is not exhausted.

19                                      *Timeliness*

20         The timeliness issue turns upon the question of whether a petition that is verified by

21   the petitioner but that is not signed in a separate signature block on the petition form until

22   after the running of the federal one-year limitation period is timely.

23         Petitioner Vito Bruno, a/ka John Sipes, was convicted of grand larceny, attempt to

24   obtain money under false pretenses, and two counts of burglary; and he was adjudicated a

25   habitual criminal.  The Supreme Court of Nevada affirmed the conviction on June 30, 2006,

26   and denied a petition for rehearing on September 11, 2006.  Under United States Supreme

27   Court Rule 13(3), the time for filing a petition for *certiorari* expired ninety days later, on or

28   about Monday, December 11, 2006. See #20-21, Exhs. 36, 43 & 44.

1    On or about September 10, 2007, petitioner mailed a state post-conviction petition to

2  the state district court clerk for filing.[1]  The Supreme Court of Nevada affirmed the denial of

3  post-conviction relief on February 26, 2009, with the remittitur issuing on March 24, 2009.[2]

4    On or about March 26, 2009, petitioner mailed the federal petition to the Clerk for filing.

5  The final page of the petition form contains two signature lines – a first signature line at the

6  top of the page for the petition and a second signature line, near the bottom of the page, for

7  a declaration under penalty of perjury verifying the petition.  Petitioner signed the second

8  signature line for the verification, but he did not sign the first signature line for the verification.

9    The Clerk filed the petition on April 1, 2009.  After initial proceedings relating to

10  petitioner's pauper application and payment of the filing fee, the Court issued a screening

11  order that was entered on July 21, 2009.  The screening order identified a number of

12  deficiencies with the original petition, including petitioner's failure to sign the signature block

13  for the petition as well as the signature block for the verification.

14    On or about September 9, 2009, petitioner mailed an amended petition to the Clerk for

15  filing, which the Clerk filed on September 11, 2009.  While petitioner again signed the

16  verification, he once again did not sign the first signature line for the petition.[3]

17    ////

18

19    [1]See #21, Ex. 48B, at electronic docketing page 19.  Respondents reference the September 21, 2007, date on which the petition was filed into the record by the state district court clerk.  It is established law

20  that the date of mailing by the petitioner rather than the date of the filing by the state court clerk is controlling for purposes of calculating the *federal* limitations period as opposed to determining the timeliness of the state

21  petition itself.  The Ninth Circuit has held that the prison mailbox rule applies to determine when a state proceeding is deemed filed for the purpose of applying the federal one-year limitation period.  *See Smith v.*

22  *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001); *Saffold v.*

23  *Newland*, 250 F.3d 1262, 1268-69 (9th Cir. 2000), *vacated on other grounds sub nom, Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *but*

24  *cf. Koerner v. Grigas*, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003) (in a context where the federal one-year limitation period was not at issue, the panel noted that Nevada does not recognize the prison mailbox rule for

25  state post-conviction petitions, such that the petition is not filed under Nevada state law until actually received by the state court clerk).  The timeliness issue in this case in any event does not turn upon this distinction.

26    [2]#22, Exhs. 74 & 75.  Petitioner filed other state court proceedings during the pendency of the state post-conviction petition, but their contemporaneous pendency with the state petition have no material impact

27  on the federal limitation analysis.

28    [3]#10, at electronic docketing page 43.

On November 18, 2009, the Court issued a second screening order once again directing petitioner, *inter alia*, to file an amended pleading on which he signed both signature lines.

On or about December 14, 2009, petitioner mailed an amended petition to the Clerk for filing that properly was both signed and verified.[4]

The Clerk filed the petition on December 17, 2009.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In the present case, the limitation period, unless otherwise tolled, began running after the expiration of the time period for filing a petition for *certiorari, i.e.,* after December 11, 2006. Absent tolling, the one-year limitation period would expire one year later, on December 11, 2007.[5]

Petitioner constructively filed a timely state post-conviction petition on or about September 10, 2007, after approximately 272 days of the limitation period, unless otherwise tolled, had elapsed. The state proceedings remained pending through March 24, 2009.

Following the conclusion of the state post-conviction proceedings and absent further tolling, petitioner had another 93 days left to file a timely federal petition, *i.e.,* until on or about June 25, 2009.

---

[4]#12, at electronic docketing page 49.

[5]Respondents maintain that the time "to appeal" (no such "appeal," as opposed to discretionary *certiorari* review, is available in this context) expired on September 29, 2006. Respondents overlook the effect of petitioner's rehearing petition in the Supreme Court of Nevada on the time to seek *certiorari* review in the United States Supreme Court. See Supreme Court Rule 13(3). The rehearing petition was denied on September 11, 2006. #21, Ex. 44. Respondents' calculation of the limitation period thus is incorrect.

1    The original petition was mailed and filed prior to the June 25, 2009, expiration (absent

2    further tolling) of the federal limitation period.  The second amended petition, which properly

3    was both signed and verified, was not mailed for filing until December 14, 2009, after the

4    expiration of the limitation period.

5    The timeliness issue thus turns upon the question of whether a petition that is filed and

6    verified by a petitioner before the expiration of the federal one-year limitation period but that

7    is not signed again on a separate signature line until after the running of the period is timely.

8    The Court will follow the analogous decisions from the First and Eleventh Circuits

9    holding that an unsigned federal Section 2255 motion to vacate, set aside or correct a

10   sentence is timely when it is mailed for filing prior to the expiration of the limitation period but

11   is not signed until after.  *See Michel v. United States*, 519 F.3d 1267 (11th Cir. 2008); *De Aza-*

12   *Paez v. United States*, 343 F.3d 552 (1st Cir. 2003).

13   Respondents acknowledge the prior out-of-circuit authority in *De Aza-Paez*.

14   Respondents maintain that the rationale relied upon by the First Circuit should not be

15   extended to this case.  *De Aza-Paez* relied upon the United States Supreme Court decision

16   in *Becker v. Montgomery*, 532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001).  *Becker*

17   held that the omission of a signature on a timely-filed notice of appeal was a curable error that

18   did not constitute a jurisdictional bar to an appeal.  Respondents maintain that the holding in

19   *Becker* was based upon the fact that a signature was required on a notice of appeal solely

20   by virtue of Rule 11 of the Federal Rules of Civil Procedure rather than by any provision of

21   the Federal Rules of Appellate Procedure.  Respondents urge that, in contrast, 28 U.S.C. §

22   2242 expressly requires that a habeas petition "shall be . . . signed and verified."

23   Respondents' effort to undercut the basis for *De Aza-Paez* misses the mark, and the

24   Eleventh Circuit's *Michel* decision provides analogous guidance as to the correct analysis for

25   this case.  Under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings (the "Section

26   2255 Rules"), a Section 2255 motion must "be signed under penalty of perjury."  The *Michel*

27   decision applied the 2004 amendments to Rule 3.  Prior to the amendments, the district court

28   clerk was required to determine whether the motion complied with Rule 2 prior to filing the

-4-

1   motion.  After the 2004 amendments, Rule 3 now provides in pertinent part that "[t]he clerk

2   must file the motion."  The *Michel* panel noted that the Advisory Committee stated that the

3   purpose of the amendment was to avoid adverse limitation period consequences:

5           [A] court's dismissal of a defective motion may pose a
    significant penalty for a moving party who may not be able to file
    a corrected motion within the one-year limitation period.  The
6   Committee believed that the better procedure was to accept the
    defective motion and require the moving party to submit a
7   corrected motion that conforms to Rule 2.  Thus, revised Rule
    3(b) requires the clerk to file a motion, even though it may
8   otherwise fail to comply with Rule.2.

9   Section 2255 Rule 3, Advisory Committee Notes, *quoted in Michel*, 519 F.3d at 1270.

10          Corresponding amendments were made also to the Rules Governing Section 2254

11  Cases (the "Habeas Rules") in 2004.  Habeas Rule 2(b)(5), like the corresponding Section

12  2255 rule, provides that a habeas petition must "be signed under penalty of perjury."  Just as

13  with the Section 2255 Rules, Habeas Rule 3(b) has been amended to now provide that "[t]he

14  clerk must file the petition."  The 2004 Advisory Committee Notes for the rule changes once

15  again state that the purpose of the amendment was to avoid adverse limitation period

16  consequences:

17          Revised Rule 3(b) is new and is intended to parallel
    Federal Rule of Civil Procedure 5(e), which provides that the clerk
18  may not refuse to accept a filing solely for the reason that it fails
    to comply with these rules or local rules. Before the adoption of
19  a one-year statute of limitations in the Antiterrorism and Effective
    Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered
20  no penalty, other than delay, if the petition was deemed
    insufficient.  That Act, however, added a one-year statute of
21  limitations to petitions filed under § 2254, see 28 U.S.C. §
    2244(d)(1). Thus, a court's dismissal of a defective petition may
22  pose a significant penalty for a petitioner who may not be able to
    file a corrected petition within the one-year limitations period. The
23  Committee believed that the better procedure was to accept the
    defective petition and require the petitioner to submit a corrected
24  petition that conforms to Rule 2. Thus, revised Rule 3(b) requires
    the clerk to file a petition, even though it may otherwise fail to
25  comply with Rule 2.  The rule, however, is not limited to those
    instances where the petition is defective only in form; the clerk
26  would also be required, for example, to file the petition even
    though it lacked the requisite filing fee or an in forma pauperis
27  form.

28  Habeas Rule 3, Advisory Committee Notes.

-5-

1    The Federal Rules of Civil Procedure, the Section 2255 Rules, and the Habeas Rules

2  all were amended precisely for the purpose of avoiding the potential application of time bars

3  to timely-filed but defective pleadings.  The provision in 28 U.S.C. § 2242 regarding signature

4  – which was adopted at a time when there was no federal limitation period for habeas

5  petitions and which thus does not address the effect on timeliness of a failure to sign a

6  petition – must be read *in pari materia* with these more recent rules changes.

7    The Court in any event is not sanguine that a timely-filed petition by a lay petitioner

8  properly could be held to be time-barred where the petitioner in fact signed the verification for

9  the petition but failed to also sign a separate signature line.  The petition form just as easily

10  could have been formatted to have the petitioner sign simply one signature line in which he

11  "signed [the petition] under penalty of perjury" as provided for in Habeas Rule 2(b)(5).[6]

12    The Court accordingly holds that the original petition was timely filed notwithstanding

13  the absence of a second signature over and above petitioner's signature of the verification.[7]

### Relation Back of Ground 6(H)

15    The Court further holds that Ground 6(H) in the second amended petition relates back

16  to the timely-filed original amended petition.

---

18  [6]The Court's Section 1983 complaint form, in contrast to its Section 2254 petition form, has the
plaintiff sign the pleading only once, under a declaration under penalty of perjury.  The two signature lines on
19  the Section 2254 form were not intended to present a procedural trap for unwary and lay petitioners, who
sometimes have difficulty following instructions even after an initial screening order.

20  [7]*Accord Roberts v. Marshall*, ___ F.3d ___, 2010 WL 5064378 (9th Cir., Dec. 13, 2010)(assuming
21  *arguendo* that the mailing date of an unsigned state petition was the proper date to be used in calculating
statutory tolling of the federal limitation period); *Birch v. Thompson*, 2007 WL 786790 (9th Cir., March 5,
22  2007)(in an unpublished decision, the Ninth Circuit held that a signed federal petition related back to an
unsigned original petition); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)("When the
23  unsigned pleading or other paper is tendered to the clerk for filing by the *pro se* party himself, the purpose of
Rule 11a may be sufficiently fulfilled to allow relation back if the party with reasonable promptness thereafter
24  signs and refiles the document.").

25    The Court notes that the *Roberts* panel decision includes a statement that "[w]hen a prisoner gives
prison authorities a habeas petition or other pleading to mail to the court, the court deems the petition
26  constructively 'filed' on the date it is signed."  Slip op. at *1 n.1.  The prior Ninth Circuit decision cited for this
statement held only that the date of *mailing* is controlling, not that *signing* determined timeliness.  Indeed, this
27  in fact appears to be the point that the *Roberts* panel itself was seeking to make, as the panel was assuming
*arguendo* that the mailing date of the *unsigned* pleading was controlling.  *Roberts* is consistent with, not
28  contrary to, the analysis in the text of this order.

1    A new claim in an amended petition that is filed after the expiration of the one-year
2  limitation period will be timely only if the new claim relates back to the filing of a claim in a
3  timely-filed pleading under Rule 15(c)(2) of the Federal Rules of Civil Procedure, on the basis
4  that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the
5  timely pleading. *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). In
6  *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out
7  of "the same conduct, transaction or occurrence" as claims in the original petition merely
8  because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64,
9  125 S.Ct. at 2570-75. Rather, under the construction of the rule approved in *Mayle*, Rule
10  15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when
11  the claims added by amendment arise from the same core facts as the timely filed claims, and
12  not when the new claims depend upon events separate in 'both time and type' from the
13  originally raised episodes." 545 U.S. at 657, 125 S.Ct. at 2571. In this regard, the court looks
14  to "the existence of a common 'core of operative facts' uniting the original and newly asserted
15  claims." A claim that merely adds "a new legal theory tied to the same operative facts as
16  those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5, 125 S.Ct. at 2572
17  & n.5.[8]

18    In Ground 6(H) of the second amended petition, petitioner alleges that he was denied
19  effective assistance of counsel when trial counsel failed to object to the six prior felony
20  convictions upon which his habitual criminal adjudication was based and failed to argue the
21  nonviolent nature of the prior offenses in mitigation as to the adjudication. In Ground 5 of the
22  original petition, petitioner alleged that he was denied, *inter alia,* due process of law when the
23

24    [8]Clearly, the fact that the claims in the prior and amended petitions present different legal theories is
not controlling. *E.g., Mayle*, 545 U.S. at 664 n.7, 125 S.Ct. at 2574 n.7 (referring to statement in the Moore
25  treatise that "relation back ordinarily [is] allowed 'when the new claim is based on the same facts as the
original pleading and only changes the legal theory.'"); *see also* 545 U.S. at 659 n.5, 125 S.Ct. at 2572 n.5
26  ("The amendment in question added . . . a new legal theory tied to the same operative facts as those initially
alleged.'). The critical point in *Mayle* was not the difference in legal theories. The critical distinction in *Mayle*
27  instead was that the factual basis for the claims in the original petition targeted the admission of videotaped
testimony by another witness whereas the factual basis for the claims in the amended petition targeted
28  admission of the petitioner's own out-of-court statements. *E.g.,* 545 U.S. at 657, 125 S.Ct. at 2571.

-7-

1   state district court improperly based the habitual criminal adjudication upon the six prior felony

2   convictions and failed to consider their allegedly minimal nature.  Given that the claims in the

3   earlier and later pleadings are united by the same common core of operative facts, *i.e.*, the

4   use and import of the six prior felony convictions as a basis for the habitual criminal

5   adjudication, the Court holds that Ground 6(H) relates back and is timely.

6   ***Lack of Exhaustion of Ground 6(H)***

7   In the state court petition, in pertinent part, petitioner alleged only as follows:

8   H) Ms. Burke, Esq., failed to object at sentencing and
    properly present mitigating circumstances or call witnesses that
9   were readily available to testify on behalf of Mr. Bruno at the
    sentencing phase of the proceedings.

10  I) Ms. Burke, Esq., failed to prepare and argue for lesser
11  included offenses, due to lack of investigations of the facts
    presented to her by Mr. Bruno.  See, (Exhibit __A__, List of
12  Witnesses).

13  #21, Ex. 48A, at electronic docketing pages 37-38.

14  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court

15  remedies on a claim before presenting that claim to the federal courts.  To satisfy this

16  exhaustion requirement, the claim must have been fairly presented to the state courts

17  completely through to the highest court available, in this case the state supreme court.  *E.g.,*

18  *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d

19  1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal

20  constitutional guarantee and must also state the facts that entitle the petitioner to relief on the

21  federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That

22  is, fair presentation requires that the petitioner present the state courts with both the operative

23  facts and the federal legal theory upon which the claim is based.  *E.g., Castillo v. McFadden*,

24  399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state courts,

25  as a matter of federal-state comity, will have the first opportunity to pass upon and correct

26  alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v. Thompson*, 501

27  U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

28  / / / /

-8-

1    Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed

2    petition presenting both exhausted and unexhausted claims must be dismissed without

3    prejudice unless the petitioner dismisses the unexhausted claims and/or seeks other

4    appropriate relief.

5         In the present cases, petitioner's allegations that trial counsel failed "to properly

6    present mitigating circumstances," "call witnesses," or "argue for lesser included offenses"

7    failed to fairly present the operative facts of Ground 6(H) to the state courts in connection with

8    a claim of ineffective assistance of trial counsel.  Nothing in the foregoing allegations would

9    have fairly alerted the state courts to the assertion of a claim based upon trial counsel's failure

10   to challenge the use and import of the six prior felony convictions as a basis for the habitual

11   criminal adjudication.

12        Ground 6(H) therefore is not exhausted.

13        Petitioner's maintains that the lack of exhaustion should be excused because there

14   was an absence of an available and effective state court corrective process for purposes of

15   28 U.S.C. § 2254(b)(1)(B).  He urges that the state procedures were rendered ineffective

16   because the state court did not hold an evidentiary hearing on his petition.  This argument

17   lacks merit. The adjudication of a state post-conviction petition without an evidentiary hearing

18   has nothing to do with a petitioner's ability to assert his claims in the state petition.  Under

19   both federal and Nevada state post-conviction practice, post-conviction claims must be

20   alleged with specificity within the petition itself.  An evidentiary hearing is not a vehicle for a

21   petitioner to assert claims not contained within his state petition.

22        The entire petition accordingly is subject to dismissal as a mixed petition unless

23   petitioner either dismisses the unexhausted claim or seeks other appropriate relief.

24        IT THEREFORE IS ORDERED that respondents' motion (#18) to dismiss is GRANTED

25   IN PART in accordance with the remaining provisions of this order.

26        IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this

27   order within which to file a motion for dismissal without prejudice of the petition, as amended,

28   for partial dismissal only of the unexhausted Ground 6(H), and/or for other appropriate relief.

-9-

1      The entire petition, as amended, will be dismissed without prejudice for lack of

2  complete exhaustion if an appropriate motion is not timely filed.

3           DATED: January 19, 2011

4

5

6                                    _____
                                     ROBERT C. JONES
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28